**Raymond T. McKAY as President of District 2, Marine Engineers Beneficial Association—Associated Maritime Officers, AFL–CIO, Petitioner,**

v.

**POINT SHIPPING CORPORATION and Point Vail Company, Respondents.**

**No. 84 Civ. 3682 (EW).**

United States District Court, S.D. New York.

June 20, 1984.

O'Donnell & Schwartz, New York City, for petitioner; Joel C. Glanstein, New York City, of counsel.

Vedder, Price, Kaufman, Kammholz & Day, New York City, for respondent Point Vail Co.; James S. Frank, Michael W. Sculnick, New York City, of counsel.

EDWARD WEINFELD, District Judge.

This is a motion by petitioner Marine Engineers Beneficial Association ("Union") pursuant to 28 U.S.C. § 1447(c) (1982), to remand the action, which seeks confirmation of an arbitrator's award entered May 9, 1984, against respondents' Point Vail Company ("Point Vail") and Point Shipping Corporation ("Point Shipping"). The Union asserts the petition for removal is defective *ab initio* because it is made by only one of the named respondents in the state court action, Point Vail, whereas the removal statute, 28 U.S.C. § 1441(a) (1982), expressly conditions the right to removal upon the agreement of all respondents. Point Vail opposes the motion, asserting the general rule set forth in the removal statute is inapplicable because of "fraudulent joinder" of Point Shipping in the state court action.

The record discloses that on April 6, 1984, the Union invoked the arbitration clause of its collective bargaining agreement with Point Shipping, as managing agent, and Point Vail, as owner, of the vessel "Point Vail" ("vessel"), following protests by the Union to Point Shipping that nonunion employees were performing work on the vessel reserved by the collective bargaining agreement for Union members.[1] Both Point Vail and Point Shipping

---

1. The basis for the arbitrator's jurisdiction over Point Vail is sharply disputed. The Union asserts that Herman Berke, president of Point Shipping and a managing partner of Point Vail, acting in the latter capacity, bound Point Vail to the judgment on the basis of an alleged collective bargaining agreement between Point Vail and the Union, which Berke asserted was "iden-

were joined in the arbitration proceedings, which resulted in an award in favor of the Union of damages in excess of $150,000 and a mandate that respondents, referred to by the arbitrator as, collectively, "Company[,]" [2] cease and desist from violating the collective bargaining agreement with respect to the performance of work aboard the vessel by non-union workers. Petitioner moved to confirm the award in the Supreme Court of the State of New York,[3] leading to the petition for removal, and the instant motion for remand.

In *Bradford v. Harding*,[4] Judge Friendly, tracing the language of 28 U.S.C. § 1441(a) to its origins in The Judiciary Act of 1887,[5] stated that thereunder "all the defendants must join in seeking removal," [6] or the petition to remove is defective. This interpretation of § 1441(a) is still the law.[7] Point Vail concedes that Point Shipping has not joined in the petition for removal.

Point Vail contends, in opposing remand, that pursuant to rulings that permit an exception to the statutory requirement, Point Shipping's joinder in the petition for removal is unnecessary. It relies on decisions holding that when there is "fraudulent joinder" in the state court action, the agreement of the fraudulently joined party to removal is not necessary to the assertion of removal jurisdiction.[8]

A brief examination of these decisions, however, reveals that they are wholly inapplicable to the instant case. For the District Court to retain jurisdiction pursuant to the "fraudulent joinder" doctrine, it must be shown that the litigant seeking remand "claimed no relief" against a defendant who failed to join in the petition for removal,[9] and that, accordingly, realignment of the parties would be permitted in order to obtain compliance with the rule that all defendants join in the petition for removal.[10] Point Vail, which had the burden of proof on this issue,[11] has not made this showing. Judgment in the arbitration proceeding was sought against Point Shipping. Point Vail's contention that "Point Shipping has no real monetary interest in

tical" to the collective bargaining agreement entered into by Point Shipping. *See* Reply Aff. of Joel C. Glanstein ¶ 5. Point Vail, however, in its answer to the petition to confirm the arbitral award asserts "[t]he alleged representations of Herman Berke ... to the effect that Point Vail was bound by the District 2 agreement and subject to the jurisdiction of the arbitrator were made without authority, were contrary to fact and law, and were made with the purpose of procuring an arbitration award against Point Vail by means of corruption, fraud or undue means." Answer to Petition for Order Confirming Arbitration Award ¶ 41. The disposition of this motion does not depend on the resolution of this controversy and the Court expresses no opinion on the merits thereof.

2. *In re* District 2, MEBA–AMO, AFL–CIO, slip op. at 1 (May 9, 1984) (Kramer, Arb.).

3. *See* N.Y.Civ.Prac.Law §§ 7501, 7510 (McKinney's 1980).

4. 284 F.2d 307 (2d Cir.1960).

5. *See id.* at 309 (citing *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)).

6. *Id.*

7. *See, e.g., Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir.1982); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir.1981); *New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc.*, 542 F.Supp. 1343, 1346 n. 6 (D.Me.1982); *Golar v. Daniels & Bell, Inc.*, 533 F.Supp. 1021, 1024 (S.D.N.Y.1982); *In re General Adjudication of All Rights to Use Water*, 531 F.Supp. 449, 455 (D.S.D.1982); *Macaluso v. Mondadori Pub. Co.*, 527 F.Supp. 1017, 1018 (E.D.N.Y.1981).

8. *See Broidy v. State Mutual Life Assurance Co.*, 186 F.2d 490, 492 (2d Cir.1951); *New York Shipping Ass'n v. International Longshore Ass'n*, 276 F.Supp. 51, 53 (S.D.N.Y.1967) (citing *Broidy*). Another exception applies if the party not participating in the petition for removal is merely nominal. *See Salem Trust Co. v. Manufacturers Fin. Co.*, 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924); *Irving Trust Co. v. Century Export & Import, S.A.*, 464 F.Supp. 1232, 1242 n. 14 (S.D.N.Y.1979).

9. *See, e.g., Broidy v. State Mut. Life Assurance Co.*, 186 F.2d 490, 492 (2d Cir.1951).

10. *Id.*

11. *See Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 n. 1 (7th Cir.1982).

this litigation" [12] because of an indemnity provision in the management agreement between respondents whereby Point Vail is liable over to Point Shipping for "any losses, claims or damages ... arising out of the management or operations of the Vessel ...," [13] only strengthens the Union's position, for it recognizes that Point Shipping might be held initially liable for damages under the collective bargaining agreement.[14] Whether the Union will ultimately collect from Point Shipping is immaterial to this motion; it is sufficient to note that the likelihood that the Union will do so is not insubstantial.[15]

There being no basis for a finding of fraudulent joinder, the petition for removal is defective, and the action must be remanded to the Supreme Court of the State of New York. The Union's request for fees pursuant to 28 U.S.C. §§ 1447(c) and 1927 (1982), however, is not supported by the record and is, accordingly, denied.[16]

So ordered.

---

**12.** Point Vail Brief at 6.

**13.** Management Agreement of April 19, 1981 ¶ 10, Answer to Petition for Order Confirming Arbitration Award, Ex. A.

**14.** It is also worthy of note that Point Vail itself asserts that "Point Shipping was the sole and exclusive employer of any and all shipboard personnel employed to operate the vessel," Answer to Petition for Order Confirming Arbitration Award ¶ 31, and that the collective bargain-ing agreement bound only Point Shipping, and not Point Vail, *id.* ¶ 35.

**15.** *See Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941); *see also* Reply Aff. of Joel C. Glanstein ¶ 10 (assets of Point Shipping).

**16.** *See Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980); *Tedeschi v. Smith Barney, Harris Upham & Co.,* 579 F.Supp. 657, 663 (S.D.N.Y. 1984).