**In the Matter of the Application of Dan STILL, as Acting Commissioner of the New York City Department of Mental Health, Mental Retardation and Alcoholism Services, the New York City Department of Mental Health, Mental Retardation and Alcoholism Services, and the City of New York, Petitioners,**

v.

**Barbara A. DeBUONO, as Commissioner of the New York State Department of Health, the New York State Department of Health, and Mr. "____" on behalf of "E.M.," an infant, Respondents.**

No. 96 Civ. 172 (CBM).

United States District Court, S.D. New York.

May 30, 1996.

Corporation Counsel of the City of New York by David L. Lock and Janet Ford, New York City, for Petitioners.

Anderson & Rottenberg, P.C. by Mr. "____" and Donna F. Ruberman, New York City, for Respondent Mr. "____".

New York State Department of Law by Kay–Ann D. Porter, New York City, for State Respondents.

MOTLEY, District Judge.

## I. BACKGROUND

Dan Still, as Acting Commissioner of the New York City Department of Mental Health, Mental Retardation and Alcoholism Services, the New York City Department of Mental Health, Mental Retardation and Alcoholism Services and New York City ("petitioners") first filed this action in New York State Supreme Court on December 14, 1995, to challenge the Determination and Order of Administrative Law Judge ("ALJ") Marc P. Zylberberg of the New York State Department of Health, dated August 15, 1995, pursuant to Article 78 of the New York Civil Practice Law and Rules.

This Order directed petitioners to reimburse respondent Mr. "____", the parent of autistic infant E.M., $12,135.00 for monies spent providing E.M. with appropriate education in the form of applied behavioral analysis ("ABA") therapy, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. sec. 1400 *et seq.*, and applicable state statutes. Because petitioners challenge an Order rendered by a New York State Department of Health administrative law judge, Barbara DeBuono, Commissioner of the New York State Department of Health and the New York State Department of Health are also named as respondents (the "State respondents").

On January 11, 1996, respondent Mr. "____" removed this petition to federal court. Since the facts of this case closely resemble another case pending before this court, *Malkentzos v. DeBuono*, 95 Civ. 5569, both actions were consolidated by court order dated January 30, 1996. The recent decision issued by this court in *Malkentzos* is accordingly incorporated in its entirety. *See Malkentzos v. DeBuono*, 923 F.Supp. 505 (S.D.N.Y.1996).

As in *Malkentzos*, respondent Mr. "____" (1) is the father of an autistic infant; (2) charged petitioners with failing to provide his son an appropriate education pursuant to IDEA; (3) undertook to provide his son such an education on his own; (4) paid for trained teachers who were not "qualified" under state statute to give his child 20 plus hours per week of ABA therapy; and (5) sought reimbursement for his expenditures in an administrative proceeding before the New York State Department of Health.

Unlike plaintiff in *Malkentzos*, however, Mr. "____" prevailed on his claim for reimbursement before ALJ Zylberberg. Specifically, ALJ Zylberberg found by "substantial evidence" that the early intervention services offered by petitioners to E.M. were "not appropriate and did not meet E.M.'s developmental needs as required by the Public Health Law." *See In the Matter of Mr. "____" on Behalf of "E.M." Infant*, Determination and Order of Administrative Law Judge Marc P. Zylberberg, Esq., p. 13, dated August 15, 1995 (the "Order"). Moreover, ALJ Zylberberg determined that respondent Mr. "____" was entitled to reimbursement in spite of the fact that the personnel he used to administer the ABA therapy were not "qualified" within the meaning of N.Y. Pub. Health Law sec. 2541(15). *Id.* at 16–17. Thus, although this case is nearly identical to *Malkentzos*, its procedural posture is reversed because it is the City who seeks to challenge ALJ Zylberberg's decision to grant reimbursement to respondent Mr. "____".

This court addresses two pending motions. First, petitioners have moved to remand this proceeding to state court on two bases: (1) that this court does not exercise proper removal jurisdiction over this action and (2)

that the removal petition is defective as a matter of law since State respondents did not join in it. Second, respondent Mr. "____" has moved to dismiss the petition on the ground that it fails to state a claim on which relief may be granted. For the reasons set forth below, petitioners' motion to remand this action to state court is denied and respondent Mr. "____"'s motion to dismiss the instant petition is granted.

## II. REMOVAL JURISDICTION

Petitioners first challenge this court's removal jurisdiction over the instant dispute. Specifically, they argue that their petition, as filed in state court, does not invoke federal law and therefore was improvidently removed to federal court.

■ Removal to federal court of an action commenced in state court is proper when the action could have been commenced by petitioners in federal court under the court's original jurisdiction. *See* 28 U.S.C. sec. 1441. According to 28 U.S.C. sec. 1331, the district courts have original jurisdiction of all civil actions "arising under" the Constitution, laws or treaties of the United States. To determine whether the subject matter of the removed action is within this court's original jurisdiction, the allegations of the state court complaint must be reviewed, uncolored by potential or asserted defenses or counterclaims of the defendant(s). *Calhoon v. Bonnabel*, 560 F.Supp. 101, 104 (S.D.N.Y.1982); *Committee of Interns v. N.Y. State Labor Relations Board*, 420 F.Supp. 826, 831 (S.D.N.Y.1976).

■ As explained by the Supreme Court in *Gully v. First National Bank*, "[t]o bring a case within the statute, a right or immunity created by the Constitution or the laws of the United States must be an element and an essential one of the plaintiff's cause of action.... The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction and defeated if they receive another...." 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). *See also Westmoreland Hosp. Assoc. v. Blue Cross*, 605 F.2d 119, 122 (3d Cir.1979), *cert. denied*, 444

U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980); *Calhoon*, 560 F.Supp. at 104.

This rule, however, does not limit the court to the words on the face of the complaint or to a party's characterization of his or her claims. *Gully*, 299 U.S. at 113, 57 S.Ct. at 98; *Calhoon*, 560 F.Supp. at 104–05. Rather, the court must "ascertain from the complaint whether federal law is a pivotal issue in the case, one that is basic in the determination of the conflict between the parties." *Gully*, 299 U.S. at 117–18, 57 S.Ct. at 99–100; *see also New York v. Local 144*, 410 F.Supp. 225, 226–27 (S.D.N.Y.1976) ("inquiry must be made as to whether, regardless of artful pleading, in fact the action is one governed by federal law."). Essentially, removal jurisdiction exists if "the action, though ostensibly grounded solely on state law, is actually grounded on a claim in which federal law is the exclusive authority." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 408, 101 S.Ct. 2424, 2433, 69 L.Ed.2d 103 (1981).

For instance, in *Calhoon*, an action commenced under the New York State labor law was removed to federal court and respondents moved to remand the matter to state court, arguing that (1) the complaint had not referenced federal law and (2) the action was not a civil action "arising under the laws of the United States." 560 F.Supp. at 107. The court disagreed, concluding that the claims asserted under New York's labor law were wholly controlled by ERISA. Because federal law had to be applied to the claims, removal jurisdiction was properly invoked by petitioners under 28 U.S.C. sec. 1441.

■ *Calhoon* is similar to this case in that petitioners' arguments obfuscate the fact that the underlying issues are governed by federal and not state law. Petitioners challenge ALJ Zylberberg's decision to award respondent Mr. "____" his costs associated with providing his autistic son with an appropriate education. Thus it is the interpretation of what constitutes an "appropriate" education under IDEA, a federal statute, that is at the root of this litigation. Further, in contrast to *Calhoon*, the petition does refer to the federal statute on its face: "[e]arly intervention services are provided to eligible infants and toddlers under the Individuals with Disabili-

ties Education Act [and corresponding state laws] . . ." *See* Verified Petition, filed December 14, 1995 ("Pet.").

Most importantly, the sole claim raised by the petition is that ALJ Zylberberg erred in awarding reimbursement for use of "unqualified" personnel. Although this question superficially relates to N.Y. Pub. Health Law sec. 2541, its real resolution turns on a "substantial question of federal law." *Franchise Tax Board v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983) (removal jurisdiction exists where cause of action under state law necessarily depends on resolving substantial federal question). It simply can not be decided without reference to a recent Supreme Court case that is controlling authority on this precise issue and its interpretation of IDEA. *See Florence County School Dist. Four v. Carter,* 510 U.S. 7, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993) (parental reimbursement under IDEA not barred by failure to meet state education standards).

Both the parties' submissions and the nature of the controversy reveal that federal law is "pivotal" and "basic in the determination of the conflict between the parties." *Gully,* 299 U.S. at 117–18, 57 S.Ct. at 99–100. For these reasons, this court holds that removal was proper under 28 U.S.C. sec. 1441.

## III. FAILURE OF STATE RESPONDENTS TO JOIN REMOVAL PETITION

■ Next, petitioners argue that removal was defective as a matter of law because State respondents did not join in respondent Mr. "___"'s removal petition. Respondent Mr. "___" contends that State respondents' failure to join in the removal petition should not defeat removal because State defendants are "nominal" parties to this action. Alternatively, respondent Mr. "___" requests that the State respondents be realigned as petitioners for purposes of removal. As set forth below, this court finds that, although State respondents are not, strictly speaking, nominal in this action, they are more properly aligned with petitioners. Accordingly, their failure to join Mr. "___"'s removal petition does not render it defective.

■ Generally, all named respondents over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper. *Bradford v. Harding,* 284 F.2d 307 (2d Cir.1960); *Avon Prod., Inc. v. A/J Partnership,* 1990 WL 422416, at *2 (S.D.N.Y. March 1, 1990). This rule has exceptions which mirror the principles applicable to determining whether complete diversity exists for jurisdictional purposes. Among these exceptions is that "[n]ominal or formal parties may be disregarded, and the failure of an improperly joined party to participate in the removal will not defeat removal." *Avon Prod.,* 1990 WL 422416 at *2; *McKay v. Point Shipping Corp.,* 587 F.Supp. 41, 42 (S.D.N.Y.1984); *cf. Salem Trust Co. v. Manufacturers' Finance Co.,* 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924) (court has power to disregard nominal defendants for jurisdictional purposes); *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272 (7th Cir.1982) (nominal parties and those fraudulently joined to defeat removal need not join in petition).

There are three respondents in this action: Mr. "___" and the two State respondents, Barbara DeBuono, Commissioner of the New York State Department of Health and the New York State Department of Health itself. The sole reason Barbara DeBuono and the New York State Department of Health are formally named as respondents is because petitioners are appealing a determination made by an administrative law judge at the New York State Department of Health.

A party is "nominal" when that party has little or no interest in the outcome of the litigation and "no cause of action or claim for relief is or could be stated against [it]." *Avon Prod.,* 1990 WL 422416 at *2 (citing *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell,* 521 F.Supp. 1046, 1048 (S.D.N.Y. 1981)). Here, petitioners do seek relief "against" State respondents, in the sense that petitioners seek to have the judgment of State respondents' administrative law judge annulled. Thus State respondents are not exactly nominal because they are literally "necessary" to this litigation.

However, the parties' alignment is misleading since State respondents' real interest lies in *petitioners* prevailing. Whereas respondent Mr. "____" wants the judgment of ALJ Zylberberg upheld (and will lose his award of reimbursement if it is not), petitioners and State respondents both want it annulled. This is not a matter of ambiguity or conjecture. State respondents' submissions to this court spell out their alliance with petitioners, as follows: "[I]t is the [New York State Department of Health's] position that ALJ Zylberberg's decision is in error and does not reflect what the [New York State Department of Health] deems to be a proper interpretation of [Early Intervention Plan] statutes and regulations." Affidavit of Robert E. Veino, Esq.,[1] par. 3, sworn to January 11, 1996 ("Veino Aff."). Thus State respondents invite the court to side with petitioners and against respondent Mr. "____".

■ In such situations, federal courts are generally required to realign parties according to their real interests so as to produce an actual collision of interests. *Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941). "This is a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." *Id.; see also Lewis v. Odell,* 503 F.2d 445, 447 (2d Cir.1974). Obviously, to be recognized as a "defendant" for practical purposes, a party must be in an adversarial relationship with the plaintiff. This requirement derives from the Constitution's cases and controversies limitation, which "forecloses the conversion of courts of the United States into judicial versions of college debating forums." *Valley Forge Christian*

*College v. Americans United,* 454 U.S. 464, 473, 102 S.Ct. 752, 759, 70 L.Ed.2d 700 (1982).

Consequently, courts have denied remand where the defendants who would not consent to removal had no legal conflict with plaintiffs, as here. *See Norman v. Cuomo,* 796 F.Supp. 654, 658–59 (N.D.N.Y.1992) (remand denied although four defendants had not joined in removal petition, due to their failure to assume a legal position hostile to plaintiffs'); *Avon Prod.,* 1990 WL 422416 at *2–3 (court disregards defendants' failure to join in removal petition where defendants' interest in outcome, if any, is aligned with plaintiff's interest).

Given that State respondents advocate annulling the ALJ Zylberberg's Order, which is the same and sole relief sought by petitioners, it makes no sense to treat them as respondents for purposes of removal.[2] Moreover, State respondents will not be harmed by a decision in petitioners' favor, unlike respondent Mr. "____". *See Lewis,* 503 F.2d at 447 (realigning defendant as plaintiff where defendant did not oppose suit and would not be harmed by a judgment for plaintiff).

This court must be cognizant of respondent Mr. "____"'s statutory right to remove this case to a federal court. By enacting the removal statutes, Congress meant to ensure that a defendant's right to vindicate federal civil rights in a federal forum remained secure. *Norman,* 796 F.Supp. at 661 (citing *Regis Assocs. v. Rank Hotels,* 894 F.2d 193, 195 (6th Cir.1990); *Worthy v. Schering Corp.,* 607 F.Supp. 653, 657 (E.D.N.Y.1985)). Since State respondents are, practically

---

**1.** Mr. Veino is the New York State Department of Health's "liaison attorney with the Attorney General's Office with respect to the instant lawsuit." Veino Aff. p. 1.

**2.** In *Committee of Interns v. N.Y. State Labor Relations Board,* cited by petitioners, a similar situation was presented with one important difference. 420 F.Supp. 826 (S.D.N.Y.1976). There, a group of hospital-defendants sought removal of a case that challenged a State Board decision and the State Board, also a defendant, did not consent to the petition. The hospital defendants, like respondent Mr. "____", argued that the State Board should be considered a plaintiff since its "real" interests were aligned

with plaintiff's. The court, however, granted remand because the State Board had defended its decision, and had thus opposed the plaintiff, in its submissions and arguments to the court. Thus the State Board's challenged decision stood "as the State Board's own view of the matter *and this court can not speculate upon the subjective desires of the State Board.*" 826 F.Supp. at 833 (emphasis added). Here, we need not speculate: State respondents have explicitly staked out their ·territory on petitioners' side of the dispute, arguing that their ALJ's decision was "in error." Veino Aff. p. 3. Accordingly, *Committee of Interns* does not suggest that this case should be remanded, but precisely the opposite.

speaking, in the shoes of petitioners, they should not have the power to frustrate this right.

Due to the harmony of interests between petitioners and State respondents in this case, the court realigns State respondents as petitioners for purposes of removal. Thus the removal petition was not defective because of State respondents' failure to join in it.

## IV. RESPONDENT MR. "____" 'S MOTION TO DISMISS

A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When passing on a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

■ Petitioners' sole basis for their challenge of the Order is that ALJ Zylberberg directed payment for the services of individuals who are not "qualified" within the meaning of the N.Y. Pub. Health Law sec. 2541. *See* Pet. at 34–37. In support, they cite to *In the Matter of Nicholas Malkentzos Acting on Behalf of "MM" Infant,* Decision and Order of Administrative Law Judge Jeffrey W. Kimmer, Esq., dated June 9, 1995. As petitioners doubtless realize, ALJ Kimmer's decision was subsequently reviewed and reversed by this court. *See Malkentzos v. DeBuono,* 923 F.Supp. 505 (S.D.N.Y.1996). Moreover, this court's decision in *Malkentzos* explicitly addresses petitioners' arguments concerning the use of unqualified personnel. 923 F.Supp. at 515–17.

Briefly, the Supreme Court has squarely ruled that IDEA permits reimbursement in situations like this, *i.e.,* where parents enlist trained teachers, who are not "qualified" under state statute, to educate their children, as long as the parent-sponsored services are "appropriate" and the state-sponsored services were not. *See Florence County,* 510 U.S. at ——, 114 S.Ct. at 366. ALJ Zylberberg found that petitioners had not provided E.M. with an "appropriate" education, whereas Mr. "____" had. Order at 13. It follows that reimbursement may be awarded to Mr. "____", notwithstanding the fact that the services provided to his son did not meet all requirements of N.Y. Pub. Health Law 2541. In *Florence County,* as in this case, the parents had not complied with the state statute's requirements, yet they were awarded reimbursement because they were still in "substantial compliance with all the substantive requirements" of IDEA. *Id.,* at ——, 114 S.Ct. at 364. Thus petitioners' claim is foreclosed as a matter of law and the petition must be dismissed in accordance with Fed. R.Civ.P. 12(b)(6).

## V. CONCLUSION

The court finds that respondent Mr. "____" properly removed this action from state court and therefore denies petitioners' motion to remand under 28 U.S.C. sec. 1447. The petition refers to IDEA and is in fact predicated on rights and duties governed exclusively by IDEA and federal case law. Since petitioners seek annulment of ALJ Zylberberg's decision to award respondent Mr. "____" reimbursement for his costs expended in providing his son E.M. with an appropriate education under IDEA, the controversy "arises under" federal law within the intendment of 28 U.S.C. sec. 1331 and 1441. Moreover, State respondents' failure to join in the removal petition does not render it defective since State respondents are more properly aligned with petitioners for purposes of removal.

In view of the Supreme Court's decision in *Florence County,* the petition, which argues only that ALJ Zylberberg could not order reimbursement for ABA therapy provided by teachers not "qualified" under state law, fails to state a claim on which relief may be granted. Accordingly, the petition must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).