■ STATEWIDE SAVINGS AND LOAN ASSOCIATION, Respondent, v SAWYERKILL ENTERPRISES, INC., Appellant, et al., Defendants.—Appeals from (1) two orders of the Supreme Court at Special Term, entered, respectively, on October 11 and November 29, 1977 in Ulster County, which, *inter alia,* severed the counterclaims and defenses contained in defendant's answer in plaintiff's foreclosure action, and (2) a judgment of the same court, which directed that the mortgaged premises be sold separately. This court in *Statewide Sav. & Loan Assn. v Canoe Hill, Inc.* (54 AD2d 1018) held, in a prior action between the plaintiff herein and Canoe Hill, Inc., that the foreclosure action therein affected the real property only and not any personalty contained in or on the premises. As a result of that determination the defendant in this foreclosure action, which had purchased the subject premises and the personalty therein from the plaintiff, raises by counterclaims and defenses the question of whether the foreclosing plaintiff ever had title to the personalty it conveyed to defendant and which personalty was, by terms of the mortgage, to be treated as security. There must be an affirmance. Since it is the policy of the law to avoid, rather than encourage, multiplicity of actions, courts sparingly exercise the authority to sever claims (CPLR 603). However, where, as here, severance will avoid undue delay in the trial of a separate dispute, it will be granted (see *Gilbert v Gilbert,* 54 AD2d 726). Since the defendant herein has defaulted with respect to the foreclosure action, that action is susceptible of summary disposition. Therefore, since the benefit of rapid disposition of a title question over valuable realty without the delay of a complex trial is possible by severance, we cannot say that Special Term erred in its exercise of discretion in severing defendant's counterclaims and defenses. This result is buttressed by the fact that the judgment of foreclosure and sale under which the sale was to be executed clearly specified the real property subject to the mortgage to be sold. Lastly, since we conclude that the severance was correct, we need not consider whether Canoe Hill, Inc., which has a possible interest in the personalty, should be made a party to the litigation. Orders and judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., JJ., concur; Larkin, J., not taking part.