OPINION OF THE COURT
Leo F. McGinity, J.
This motion by plaintiffs for summary judgment pursuant to CPLR 3212 is granted.
The cross motion by defendants, Millbrook Enterprises, Inc., Andrew and Angeline De Lillo, Vincent De Lillo and Peter Napolitano, for summary judgment dismissing the complaint against them, is granted to the extent of dismissing the action against Angeline De Lillo and, in all other respects, is denied.
The plaintiff trustees have established by affidavit of Robert Sasso, one of the trustees of plaintiffs, and other documentary evidence:
(a) in the first cause of action, a prima facie case pursuant to section 630 of the Business Corporation Law, against defendant Millbrook Enterprises, Inc., the sole stockholder of Clearview Concrete Products Corp., for fringe benefits due from corporate employer, Clearview Concrete Products Corp., now in bankruptcy, to Local 282 welfare and pension trust funds pursuant to a collective bargaining and trust agreement and
*563 (b) in the second cause of action a prima facie case pursuant to section 198-c of the Labor Law against defendants Andrew De Lillo, Vincent De Lillo and Peter Napolitano, as officers of said corporate employer, which failed to remit the requisite payments to welfare and pension trust funds established for the benefit of employees.
The plaintiffs were not required to wait, as the statute states (Business Corporation Law, § 630, subd [a]), for “return of an execution unsatisfied against the corporation” since that “would have been a futile gesture because of the bankruptcy” (Grossman v Sendor, 64 AD2d 561; see Blair v Meuller, 299 F2d 385).
As stated in Shellington v Howland (53 NY 371, 374-375): “When the performance of a condition becomes impossible by the operation and effect of a statute, that is, becomes illegal, the performance is excused, and the rights of the party will be preserved.”
Here, defendants’ answer admits that the automatic stay of the Bankruptcy Law upon the filing of a petition for arrangement by Clearview Concrete Products Corp. prevented plaintiffs from proceeding against said corporate employer; and, therefore, the statutory condition precedent is excused. The general denials in defendants’ answer do not raise triable issues of fact. The affirmative defenses are dismissed as having no merit. The affidavits of defendants’ .attorney and the attorney for the Clearview Concrete Products Corp. are devoid of evidentiary facts.
Section 198-c of the Labor Law “was created for the protection of workingmen to" guarantee that they will be paid their wages and fringe benefit contributions” (Johnson v Clay Partition Co., 93 Misc 2d 414, 416, affd 65 AD2d 737). It places the responsibility for enforcing corporate compliance upon the president, secretary, treasurer or other officers exercising corresponding functions. (Excavators Union Local 731 Welfare Fund v Zurmuhlen, 68 AD2d 816.) In the event of noncompliance by the corporation the officers are themselves civilly liable. (Sasso v Schroeter, Supreme Ct, Sept. 19, 1980, Niehoff, J.) The bankruptcy of the corporation does not release its officers or stockholders from liability (Bankruptcy Act of 1898, former § 4, subd *564 [b]; see, also, Seixas v Hegeman, 158 Misc 560). The plaintiff trustees are members of the class for whose protection the statute was enacted (Goldstein v Mangano, 99 Misc 2d 523) and the officers of the corporation are in effect guarantors of payment. (Johnson v Clay Partition Co., supra.) Here, it is clear from the evidence that defendants Andrew De Lillo, Vincent De Lillo and Peter Napolitano, as signatories on the corporate bank accounts and as officers exercising control over the Clearview Concrete Products Corp. and its parent Millbrook Enterprises, Inc. (wholly owned by the De Lillo family) and the financial affairs of both corporations knew or should have known of the nonpayment of fringe benefits and were under a duty to ensure that said corporation “was meeting its contractual obligations toward the union * * * Funds” (Goldstein v Mangano, supra, p 526) and that by virtue of their failure to effectuate compliance are personally liable for payment. (People v Trapp, 20 NY2d 613.)
Accordingly, summary judgment is granted in favor of plaintiff against Millbrook Enterprises, Inc. on the first cause of action and against Andrew De Lillo, Vincent De Lillo and Peter Napolitano on the second cause of action. Since there is no proof that Angeline De Lillo was an officer of Clearview Concrete Products Corp., the action against her is dismissed.