OPINION of the court
Kristin Booth Glen, J.
Plaintiff, the administrator of the Steamfitters’ Industry-Pension Fund (the Fund), brought this action on May 8, 1980, seeking benefits due under a collective bargaining agreement between Enterprise Association of Steam, Hot Water, Hydraulic Sprinkler, Pneumatic Tube, Ice Machine and General Pipe Fitters of New York and Vicinity, Local Union 638 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO (the Union), and Brooklyn Queens Allied Oil Burner Corp. (the Corporation). The defendants are the Corporation, Albert Nicoforo and Saul Bassin, officers of the Corporation (the Officers), and Aetna Casualty & Surety Company (the Surety) which has provided a surety bond to the Corporation for the benefit of the Fund, guaranteeing payments due under the collective bargaining agreement.
*90 On August 19, 1981, the Corporation filed a bankruptcy petition under chapter 11 of the Bankruptcy Code of 1978 (US Code, tit 11, ch 11). By operation of law, the filing of the petition serves as an automatic stay of this action against the Corporation (US Code, tit 11, § 362, subd [a], par [1]) and a stay was in fact ordered on August 31, 1981.
The Fund now moves pursuant to CPLR 603 to sever its claims against Nicoforo and Bassin, and the Surety so that it may proceed against these three parties during the pendency of the automatic stay against the Corporation. Because New York law expresses an exceptional concern for the prompt payment of wages and fringe benefits, the motion to sever is granted.
Under New York law, a plaintiff seeking payment of wages or benefits owed by a corporation may elect one or both of two remedies directly against the corporation’s shareholders or officers. He or she may proceed against corporate shareholders pursuant to section 630 of the Business Corporation Law, or against corporate officers pursuant to sections 198-a and 198-c of the Labor Law. Plaintiff here has elected to proceed under the provisions of the Labor Law.
Under sections 198-a and 198-c of the Labor Law, a corporate officer is personally liable for the corporation’s obligations to its employees. While section 198-a of the Labor Law on its face only imposes criminal liability on the corporate officer, it is now well established that a private civil action may be brought against an officer for unpaid wages or fringe benefits. (Excavators Union Local 731 Welfare Fund v Zurmuhlen, 68 AD2d 816; Sasso v Millbrook Enterprises, 108 Misc 2d 562; Johnson v Clay Partition Co., 93 Misc 2d 414, affd 65 AD2d 737; Goldstein v Mangano, 99 Misc 2d 523.)
The Officers have not filed a petition in bankruptcy, and there is no stay in effect against them. While they seek to have the action against them tried together with the action against the Corporation, the Corporation is not a necessary party to the action against the Officers. (See Excavators Union Local 731 Welfare Fund v Zurmuhlen, supra; Sasso v Millbrook Enterprises, supra; Johnson v Clay Partition *91 Co., supra.) Moreover, while a judgment against the Corporation is a precondition to personal liability under section 630 of the Business Corporation Law it is not a precondition to an action under section 198-a or 198-c of the Labor Law. Consequently, there is no substantive barrier to the severance of the claim against the Officers from that against the Corporation. Rather, the decision is a procedural one, relegated to the court’s discretion by CPLR 603. (See Forde v Forde, 53 AD2d 779.)
To deny a severance here would subject plaintiffs to unnecessary delay during the course of the bankruptcy proceedings, contrary to the pre-eminent statutory concern for the prompt payment of a worker’s wages and benefits. (See Labor Law, § 198, subd 2; § 198-c; Business Corporation Law, § 630.) This court cannot predict when the bankruptcy proceedings will terminate, nor can it speculate as to whether the Corporation will emerge from the bankruptcy proceedings solvent. It is clear, however, that an officer is liable even where the corporation is declared bankrupt or is defunct. (Sasso v Millbrook Enterprises, supra, at p 563; Johnson v Clay Partition Co., supra.) Accordingly, since the conclusion of the bankruptcy proceedings will have no effect on the Officers’ potential liability to plaintiff, this court in the exercise of its discretion, and in order to avoid undue delay, will grant the motion to sever as to the defendant Officers. (See Statewide Sav. & Loan Assn. v Sawyerkill Enterprises, 65 AD2d 887.)
Aetna, as Surety, is the guarantor of the Corporation’s obligations to its employees. Under the terms of the surety bond, its obligations to plaintiffs are triggered by the Corporation’s failure to make good on its obligations under the collective bargaining agreement with the Union. There is no requirement in the bond that judgment be entered against the Corporation before the Surety becomes liable, nor is the Corporation a necessary party in a suit against the Surety.
The pendency of bankruptcy proceedings does not deprive the plaintiffs of their remedy against the Surety. (Seixas v Hegeman, 158 Misc 560.) Indeed the very purpose of a surety bond is to ensure the prompt payment of liabilities owed by the corporate obligor in the event of *92 bankruptcy or default. That purpose would be frustrated by a refusal to sever the action against the Surety. In the interest of justice, the motion to sever as against the Surety is granted. Plaintiffs’ claims against the Officers and the Surety will be consolidated and tried together.