■ BANKERS TRUST NEW YORK CORPORATION, Respondent, v RENTING OFFICE, INC., et al., Appellants, et al., Defendants. — Appeal from an order of the

---

Supreme Court at Special Term (Cholakis, J.), entered April 19, 1982 in Sullivan County, which, *inter alia,* granted, upon reargument, summary judgment for plaintiff in its foreclosure action, severed for separate trial the appealing defendants' counterclaim for fraud, and dismissed all of said defendants' other counterclaims and affirmative defenses. In 1971, plaintiff's subsidiary and predecessor in interest, Sackman-Gilliland Corp., provided a $950,000 construction loan, secured by a real estate mortgage, to Harvey Road Realty Corp. (Harvey) to enable it to erect 90 garden apartment units in the Village of Monticello. In April 1973, defendant, the Renting Office, Inc., purchased the partially completed project from Harvey and assumed the latter's mortgage obligations. Thereafter, additional mortgage loans were made increasing the total principal extended to $1.3 million. These mortgages were eventually payable on December 31, 1975. It is undisputed that the mortgages have matured, that the principal thereon remains unpaid and that the mortgagor has also defaulted in other material respects. In 1979, the foreclosing mortgages were assigned to plaintiff Bankers Trust New York Corporation and thereafter foreclosure proceedings were begun. Defendants' various affirmative defenses and counterclaims were dismissed in their entirety with the exception of the fourth affirmative defense by way of counterclaim wherein $1.5 million in damages was demanded because plaintiff's predecessor in interest and Harvey, among others, had allegedly fraudulently induced defendants to assume some of the mortgage indebtedness being foreclosed. According to defendants, plaintiff's assignor coerced Harvey and a codefendant, Ballato, the original owner-developer of the apartments, not to disclose to the appealing defendants the existence of major deficiencies in the construction of the buildings, which deficiencies then constituted and presently constitute noncorrectable violations of the applicable building code. Special Term initially refused to grant summary judgment, but upon reargument severed the fraud claim and granted plaintiff summary judgment, allowing foreclosure upon condition plaintiff post a surety company bond in the principal amount of $1.5 million, plus interest, to cover the entire amount sought by defendants on their fraud claim. A stay of the foreclosure proceeding was denied and the foreclosure sale has since been held. We affirm. *Jo Ann Homes at Bellmore v Dworetz* (25 NY2d 112, 122) sanctions severance in an action where fraudulent misrepresentation in the procuring of the mortgage is alleged. And since defendants do not seek rescission of the mortgage, but have opted instead only to recover money damages, which are fully protected by the surety bond, there was no reason to intercept foreclosure (*Spano v Perry,* 59 Misc 2d 1062, 1064; see *Statewide Sav. & Loan Assn. v Sawyerkill Enterprises,* 65 AD2d 887). Furthermore, defendants' effort to forestall foreclosure by asserting that there was a failure of consideration, namely, that the property in question was worth far less than the million dollar obligation assumed for it, arising as it also does out of the alleged fraud, must similarly be rejected. In essence, the failure of consideration contention does nothing more than rework the facts of the fraud claim; thus, there is no reason to treat it any differently. Moreover, given that plaintiff's predecessor in interest advanced the full amount called for in the mortgage agreements, there is simply no merit to this argument. Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.