(February 10, 1986)

■ JOSEPH ANDRIANO et al., Respondents, v MARIA CARONIA, Appellant.—In an action seeking partition of real property and the specific performance of a contract, the defendant

appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered October 10, 1984, which, *inter alia*, denied her motion for summary judgment on her first and second counterclaims and for reverse summary judgment on the plaintiffs' first cause of action, granted the plaintiffs' cross motion for summary judgment, and directed the defendant to sign a deed conveying her interest in the real property at issue to a third party, and *sua sponte* dismissed her third counterclaim.

Judgment modified, on the law, by deleting the third, fourth, seventh, eighth, ninth, tenth, eleventh and twelfth decretal paragraphs thereof, and substituting therefor (1) a provision directing partition and a judicial sale of the real property in issue; (2) a provision that the plaintiffs, pursuant to the eighth paragraph of a contract entered into by the parties in 1979, are entitled to retain all the proceeds of the judicial sale, subject to the defendant's exercise of her contractual option to either require the plaintiffs to pay her the sum of $5,000, or, to require them to provide her with living quarters in their home (as is provided in paragraph five of the contract), at a cost to her of $60 a month, and (3) a provision severing defendant's third counterclaim. As so modified, judgment affirmed, without costs or disbursements.

The parties to this action took title to certain real property situated in Massapequa, New York, as tenants in common, through a conveyance in 1968. Subsequently, in 1974, the parties entered into a contract to effectuate their desire to further "define their interests in said premises and establish their rights and obligations with respect thereto."

The contract provided for the parties' mutual retention of their interests in the property. In exchange for consideration paid, the defendant agreed to execute a will devising her interest in the property to the plaintiffs, and in the event that her daughter, plaintiff Rosalia Andriano, predeceased her, to sell her interest in the property to plaintiff Joseph Andriano, Rosalia's husband, for a stated sum. The defendant was absolved of her duty to share in the responsibilities involving the maintenance of the property, including but not limited to the payment of mortgage and property tax obligations. In exchange, she agreed to pay the plaintiffs a monthly rental for the use of two rooms and a bathroom in the house. The contract provided that upon the sale of the property, the plaintiffs were entitled to all proceeds, subject to the defendant's election under paragraph eight of the contract. Paragraph eight afforded the defendant an option upon the sale of

the property to either accept from the plaintiffs a stated sum of money, or to require that the plaintiffs provide her with the same housing which they had already provided her under the contract, at a nominal cost to her, until her death.

This action arose as a result of the defendant's refusal to join the plaintiffs in a sale of the property in or about 1982. The plaintiffs alternatively sought partition and specific performance of the contract. The defendant counterclaimed for partition, claiming a one-third interest in the proceeds resulting from the sale of the property. She also alleged counterclaims for breach of contract and the intentional infliction of emotional distress.

Special Term erred in directing defendant to deed her interest in the property to a third party. The contract fails to address when and under what conditions the property may be sold. Accordingly, we find that the court erred in concluding that the plaintiffs, upon demand, could require the defendant, pursuant to that contract, to execute a deed conveying her remaining interest in the property.

The plaintiffs are, however, statutorily entitled to partition and judicial sale of the property, and the parties' interests in the proceeds realized upon said sale are governed by paragraph eight of the contract. The contract does not bar an action for partition, as it clearly contemplates a sale of the property, and further specifically delineates the disposition of the parties' interests in such an event. Accordingly, the plaintiffs are entitled to retain all of the proceeds realized upon the sale of the property, subject to the defendant's election, pursuant to paragraph eight of the contract, to either require that the plaintiffs pay her $5,000, or to require them to continue to provide her with housing, as described in paragraph five of the contract, in their home, at a nominal cost to her of $60 per month.

The defendant's third counterclaim, which sought damages for the intentional infliction of emotional distress, should not have been dismissed. Neither party requested summary relief on that claim, and, in fact, both parties admitted that outstanding factual issues precluded summary judgment thereon. Although a court may grant relief which has not been demanded, it may only do so where there is no substantial prejudice to the adverse party (see, Ressis v Mactye, 98 AD2d 836, 837). Since there is a possibility that additional proof exists, which, although not submitted on these particular motions, could be submitted on a summary judgment motion

addressed to the emotional distress claim, the court should not, on its own initiative, and without advising the defendant in advance, have rendered summary judgment against her on that cause of action *(see, Ressis v Mactye, supra;* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:44, p 48). Accordingly, the defendant's third counterclaim is hereby severed. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.