■ ROBERT W. DUMSER et al., as Preliminary Executors of PAMELA COLE, Deceased, Appellants, v GSL ENTERPRISES, INC., Respondent.—Order, Supreme Court, New York County (Stan-

ley Parness, J.), entered April 19, 1990, which *inter alia,* denied plaintiffs' motion to vacate the stay of enforcement of any judgment of foreclosure and sale contained in a prior order of the same court entered June 30, 1988, unanimously affirmed, with costs.

Plaintiffs' decedent sold two buildings to defendant in July, 1984. The decedent took back a purchase money mortgage on each property. After defendant defaulted on the mortgage payments, plaintiffs instituted this mortgage foreclosure action. Defendant's amended answer alleges counterclaims seeking damages for fraud based on misrepresentation by the decedent in the contracts of sale that the listed rents for the units did not exceed the maximum legal amount. Plaintiffs moved for summary judgment, and defendant cross-moved to stay of enforcement of any foreclosure judgment and sale pending determination of its counterclaims. The IAS court granted summary judgment in favor of plaintiffs, but also granted defendant's cross-motion on condition that defendant deposit all past due installment payments with the court and make future installment payments on their due dates to the court. Such payments have been paid by defendant.

Thereafter, defendant received notification that the rent in "another apartment" in one of the two buildings it bought from the decedent exceeded the maximum legal rent. Accordingly, to avoid any statute of limitations problems, instead of seeking permission to amend its pleadings, defendant started a separate action and moved to consolidate, which was granted with plaintiffs' consent. Plaintiffs then moved to vacate the stay of enforcement of the order granting summary judgment in the foreclosure action. The IAS court denied the motion.

While plaintiffs assert that the IAS court abused its discretion, we disagree. As the record reveals, there is "some articulable reason for concluding that the failure to impose conditions [on the judgment] might result in some prejudice, financial or otherwise" to defendant. *(Stigwood Organisation v Devon Co.,* 44 NY2d 922, 923.) Even though the last counterclaim was sufficiently independent to be pleaded in a separate action *(supra)* it is clearly directly related to the other counterclaims and there is insufficient evidence in the record to determine whether the assets of plaintiffs are sufficient to satisfy successful counterclaims of defendant. Indeed, plaintiffs have not posted any security to warrant a vacatur of the instant stay. *(See, Bankers Trust v Renting Off.,* 91 AD2d 1140,

1141.) Concur—Murphy, P. J., Sullivan, Carro, Wallach and Kupferman, JJ.