■ NORTON COMPANY, Plaintiff, v C-TC 9TH AVENUE PARTNERSHIP et al., Defendants. (Action No. 1.) NORTON COMPANY, Appellant, v C-TC 9TH AVENUE PARTNERSHIP et al., Respondents, et al., Defendants. (Action No. 2.) [603 NYS2d 364] — Mikoll, J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 2, 1992 in Albany County, which

denied plaintiff's motion for, *inter alia,* summary judgment in action No. 2.

Plaintiff entered into a purchase and sale agreement on June 6, 1988 whereby it agreed to sell to defendant C-TC 9th Avenue Partnership an improved 21-acre parcel of real property located in Albany County for $3,725,000. The purchaser was to pay a deposit of $25,000 upon execution of the purchase and sale agreement, $850,000 at closing and give a long-term purchase money mortgage in the sum of $2,850,000. According to the agreement plaintiff, *inter alia,* was to provide certain documents to C-TC at the closing.

Plaintiff failed to produce the specified documents at the closing and C-TC did not have the required $850,000 payment then due plaintiff. Instead, defendant Donald W. Stone, Sr. executed, on behalf of C-TC, a short-term note for $879,920 to cover the amount due at closing and the closing costs. A clause in the purchase and sale agreement provided that any required documents could be furnished after the closing. Stone also executed the long-term purchase money note in the sum of $2,850,000 (hereinafter the long-term note). This note, *inter alia,* required monthly payments of $16,625. Stone further executed the purchase money mortgage which was incorporated into the long-term note. The parties also executed a lease-back agreement at the closing limiting plaintiff's tenancy to 18 months and providing, *inter alia,* for an annual rent of $199,500.

After C-TC defaulted on both the short-term and long-term notes, plaintiff commenced action No. 1 and moved for summary judgment in lieu of complaint requesting full payment of the short-term note under CPLR 3213. Defendants answered and plaintiff then commenced action No. 2 requesting foreclosure on the mortgage. In response, C-TC and the other named defendants moved to dismiss the complaint. Supreme Court held, *inter alia,* that triable questions of fact existed and, *inter alia,* denied summary judgment to plaintiff in lieu of complaint in action No. 1, denied defendants' motion (for summary judgment dismissing the complaint) in action No. 2, discharged a previously appointed receiver in action No. 2 and consolidated action Nos. 1 and 2.

Subsequently, defendants in action No. 2, C-TC, Richard A. Cabral and Timmons Corporation, answered and counterclaimed for money damages. Defendant Inventory Management Control also answered. Plaintiff, *inter alia,* moved for summary judgment in action No. 2. Defendants opposed the

motion. Supreme Court held, *inter alia,* that severance of action No. 1 from action No. 2, appointment of a receiver and a grant of summary judgment in favor of plaintiff were inappropriate and ordered that plaintiff's motion be denied. Plaintiff has appealed.

The primary question presented is whether Supreme Court erred in denying plaintiff's motion for summary judgment in action No. 2 for foreclosure on the mortgage and for severance of the counterclaims set forth in the complaint.

The evidence demonstrates that defendants defaulted on the note and that plaintiff will post a bond of $4 million, which is sufficient to pay any money judgment defendants may obtain on their counterclaims. Defendants' counterclaims are for money damages only, do not request rescission of the mortgage, and trial of both the mortgage foreclosure action and the counterclaims in one action may be time-consuming. Accordingly, severance of the mortgage foreclosure action and its defenses from the counterclaims is proper *(see, Jo Ann Homes v Dworetz,* 25 NY2d 112, 122; *Bankers Trust N. Y. Corp. v Renting Off.,* 91 AD2d 1140, 1141; *Statewide Sav. & Loan Assn. v Sawyerkill Enters.,* 65 AD2d 887; *see also, Highland Views Corp. v Gerdts,* 190 AD2d 954).

Supreme Court erred in denying plaintiff's motion for summary judgment to foreclose on the mortgage. Plaintiff made a prima facie demonstration of its entitlement to recovery as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324) based on Stone's testimony on his examination before trial that he did not believe that any payments had been made on the long-term note because the lease payments were an offset. Defendants maintain in their brief on appeal that they are not in breach because the money plaintiff owes them is greater than the amount they owe plaintiff. Further, defendants have merely offered conclusory allegations as the basis for not paying the long-term note and, thus, have failed to raise a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Finally, we note that Supreme Court's holding that its prior order to consolidate these actions established the law of the case does not affect the power of this Court to review that prior order as such an order binds only courts of coordinate jurisdiction *(see, Mahota v City of Hudson,* 179 AD2d 845, 846, *lv denied* 79 NY2d 760).

The question of whether Supreme Court erroneously denied plaintiff's motion for appointment of a temporary receiver is

now academic given that a Referee will be appointed to sell the property *(see,* RPAPL 1611).

Weiss, P. J., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and plaintiff is awarded summary judgment in action No. 2.