[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Commissioner of the Department of Labor, brings this action against defendant Hartford Paving, Inc. and defendant Joseph Presutti; pursuant to C.G.S. § 31-72, to enforce the prevailing wage hours of the State of Connecticut.
C.G.S. § 31-52(a) requires that a contract for a state public works project contain a provision for the payment of wages to workmen at the prevailing rate for the same work in the same trade or occupation. Section 31-52 (e) provides that the labor commissioner shall determine the prevailing rate for each trade or occupation involved in a contract let out for bid. Section31-72 authorizes the labor commissioner to bring a civil action against an employer to collect unpaid wages.
Two issues are raised in this action: (1) what is the amount of unpaid wages defendant Hartford Paving is obligated to pay, and (2) is defendant Presutti also personally liable?
The facts as to the amount of unpaid wages are as follows:
In November 1989 the State Department of Transportation entered into a contract with Hartford Paving to paint certain bridges in the years 1990 and 1991. The contract provided that the prevailing wage rate would be paid for work performed under certain job classifications. The prevailing wage rates applicable to the contract work were issued by the Commissioner in November 1989 and incorporated as part of the contract. CT Page 5261-FFFFF
Those hourly wage rates were:
 Painting (structural Steel and Bridge) $26.20
Bridge Spray $29.70
Sandblasting or Power Tools $26.20
Laborer $19.85
 Pneumatic drill operations; pneumatic gas and drill operations $20.10
Hartford Paving hired eighteen employees, who were divided into three work crews, consisting of three or four workers. Their tasks included sandblasting and/or pneumatic needle scraping paint off bridges preparing the surface for paint, and spray or brush painting the bridges.
Pay records of Hartford Paving revealed that the foreman of each crew was classified as a "painter" and paid at a prevailing wage rate and all other crewmen were classified as "laborer" and paid from $15.71 to $20.10 per hour.
C.G.S. § 31-53 (f) requires that an employer engaged in a public works project maintain "records relating to the wages and hours worked by each employee and a schedule of the occupation or work classification at which each mechanic, laborer or workman in the project is employed during each work day and week in such manner and form as the labor commissioner establishes to assure the proper payments due such employees . . . ."
Because state labor department agent Robert Verrastri determined that Hartford Paving records had failed accurately to segregate the work actually done by its employees by job classification, he endeavored to do so.
Agent Verrastri issued a questionnaire to all of Hartford Paving employees inquiring of the percentage of time each spent in the various job functions. Utilizing the answers from 13 of the 18 employees he calculated the employees averaged 47% of the time painting (without distinguishing between spray painting and structural steel painting), 33% of the time scraping (without CT Page 5261-GGGGG distinguishing between sandblasting and pneumatic needle scraping), and the balance of the time as laborers. Based on these percentages, the agent determined Hartford Paving owed $75,963, being the difference between the hourly wages actually paid and the amount of hourly wages that should have been paid if the workers were properly classified.
Where an employer does not keep accurate records, reliance may be permitted on interviews with a representative number of employees to arrive at a "just and reasonable inference" as to improperly compensated work. Reich v. Southern New EnglandTelecommunications Corp., 892 F. Sup. 389 (D. Conn. 1995), quoting from Anderson v. Mt. Clemens Potting Co., 328 U.S. 680,687-88 (1946).
Agent Verrastri's calculation, however, does not by "just and reasonable inference" arrive at a completely accurate amount. He testified that sandblasting and needle scraping fall into the same job classification and were entitled to be paid at the same prevailing hourly wage of $26.20. However, other evidence revealed that the needle scraper is a small pneumatic tool regularly used by laborers. This court determines it is more properly a pneumatic drill entitled to the prevailing hourly rate of $20.10.
The agent lumped together sandblasting and needle scraping in determining the time spent scraping. The questionnaire answers reveal that employees spent 90% of the time allocated to scraping at needle scraping. Since the prevailing rate of needle scraping is at the laborer's rate Hartford Paving paid to its employees, 90% of the amount of the wages the agent calculated as underpaid for scraping should be deducted from his figure. This court calculates that number to be $12,181.
The agent also lumped together painting structural steel and bridge spray painting in determining the time spent painting and used the higher rate of bridge spraying at $29.70 rather than the rate of regular bridge painting of $26.20. The evidence was that no spraying was done the second year of the contract. Since the 18 employees averaged about 550 hours in 1991 and 47% of their time was spent painting, applying the differential of $3.50 between the rate for spray and bridge painting to the painting time for 1991 results in a reduction in the agent's calculation of $16,288. CT Page 5261-HHHHH
Thus, this court concludes that a fair and reasonable inference can be derived from the evidence that Hartford Paving failed to pay prevailing wages to its employees in 1990 and 1991 in the amount of $47,494. ($75,963 less $28,469)
The plaintiff requests this court to double that amount pursuant to § 31-72. That statute provides that the court "may" award twice the amount of wages due plus reasonable attorney's fees. Our courts have construed the statute to mean that such awards "are inappropriate in the absence of the court's finding of `bad faith, arbitrariness or unreasonableness'"Mattison v. Great Eastern Development Ltd., 18 Conn. App. 618,621 (1989), quoting Crowther v. Gerber Garment Technology, Inc.,8 Conn. App. 254, 265 (1986; Sansone v. Clifford, 219 Conn. 217,229 (1991).
This court does not find Hartford Paving failed to pay the prevailing wage because of bad faith, arbitrariness or unreasonableness and so declines to double the award.
Turning to the issue of the personal liability of defendant Presutti, the plaintiff first claims that the word "employee" in § 31-72 can be construed to include an individual connected with the employer found to have wrongfully withheld wages. This position finds some support in Superior Court cases. In Grossmanv. Contour Sciences, Inc., 3 CSCR 750, 14 CLT 40 at page 760, Judge Cioffi noted in dicta that under § 31-72 a corporate officer could be held personally liable for unpaid wages which he caused to be withheld, on the theory "[i]ndividual responsibility . . . is predicated upon the violation of the public policy embodied in the statute." See also Sullivan v.Progress Builders Superior Court, Judicial District of Waterbury, Docket No. 96086 (August 22, 1990, Byrne, J.) and Petronella v.Venture Partners, Ltd. et al., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CV93-053117 (Dec. 7, 1995, Wagner, J.).
Other Superior Court cases have held to the contrary. Dimiskyv. Thumlert, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 355767 (June 10, 1991, Stengel, J.); Hutto v. Carroon Black of Conn., Inc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 112386 (Feb. 28, 1991, Mottolese, J.).
The New York courts are similarly divided. Courtney v.CT Page 5261-IIIIIBrooklyn Queens Allied Oil Burner, 446 N.Y.S.2d 157, 158 (N Y City Civil Ct. 1981); Staganovic v. Denolfo, 462 N.E.2d 149 (Ct App, N.Y. 1984).
In this court's opinion the remedial nature of § 31-72
does not warrant violating so basic a tenet of corporate law as to justify imposing personal liability on a corporate officer for unpaid wages. Such a result should be directed by the legislature rather than reached by the courts.
The second basis upon which the plaintiff seeks to have Presutti held personally liable is by invoking the equitable doctrine of piercing the corporate veil of Hartford Paving. That doctrine will be applied "only under exceptional circumstances."Angelo Tomasso, Inc. v. Armor Construction Paving, Inc.,187 Conn. 554, 557 (1982). It requires proof of three factors: (1) Not only control, but complete domination of the corporate policy and business practice complained of so that the corporate entity, as to that transaction, had no separate mind of its own; (2) such control must have been used by the individual defendant to commit fraud, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; (3) the control and breach of duty must proximately cause the loss complained of.Saphir v. Neustadt, 177 Conn. 191, 210 (1979).
The facts in this issue are that defendant Presutti and his former wife Katharine Presutti each owned 50% of the stock of Hartford Paving; formalities such as board of directors meetings and corporate resolutions for corporate borrowing were not followed; corporate monies were used for the personal benefit of both Joseph and Katharine. Even if defendant Presutti dominated Hartford Paving, the court finds that he did not use his domination to fail to pay his employees the prevailing wages. The evidence was he did not go to the job sites and observe the work done by his employees. He hired his crew chiefs to do the painting and relied on their reports. Moreover, the matter of what was the prevailing wage for each job function was far from clear and Presutti acted reasonably in dealing with the issue.
Thus, this court concludes the second element of the equitable doctrine of piercing the corporate veil was not proven and consequently, declines to invoke it to hold defendant Presutti personally liable. CT Page 5261-JJJJJ
Judgment may enter in favor of the plaintiff against Hartford Paving for the sum of $47,494. If the parties cannot agree on the amount owed each employee, this court will hear further evidence on that issue.
Robert Satter State Judge Referee