■ TRI-LAND PROPERTIES, INC., Respondent, v 115 WEST 28TH STREET CORP. et al., Appellants, et al., Defendants. [656 NYS2d 863] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered October 3, 1996, which, in an action to foreclose a mortgage, *inter alia,* granted plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Even if plaintiff had somehow waived its right to foreclose the first mortgage on defendants-appellants' property, the waiver could be withdrawn in these circumstances. Subsequent correspondence clearly gave appellants notice that plaintiff was revoking its waiver, if there ever was one, and sufficient time to cure deficiencies in order to avoid foreclosure (*see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184).

Appellants' unsubstantiated assertions that plaintiff made an oral promise that it would acquire the first mortgage on appellants' behalf and not foreclose it is at variance with the documentary evidence and insufficient to create a question of fact (*see, State Bank v Fioravanti,* 51 NY2d 638, 647). Even if there were such a promise, appellants have failed to show that their reasonable reliance resulted in some prejudicial change in their position, a necessary element of promissory estoppel (*see, Tierney v Capricorn Investors,* 189 AD2d 629, 632, *lv denied* 81 NY2d 710).

We reject appellants' contention that plaintiff's acquisition of the first mortgage for its own benefit in order to protect its second mortgage, rather than for appellants' benefit, constituted bad faith sufficient to preclude foreclosure.

The motion court properly severed appellants' counterclaims, since they are for money damages only, and do not affect the validity of the first mortgage itself (*see, Norton Co. v C-TC 9th Ave. Partnership,* 198 AD2d 696, 698). We also reject appellants' arguments for a stay of the foreclosure pending resolu-

tion of their counterclaims. Concur—Murphy, P. J., Sullivan, Rosenberger, Rubin and Andrias, JJ.