■ STEVEN C. GREENE, Respondent, v MERCHANTS & BUSINESS MEN'S MUTUAL INSURANCE COMPANY, Defendant and

Third-Party Plaintiff-Appellant. HERMAN PORITZKY et al., Third-Party Defendants-Respondents. [664 NYS2d 933] —In an action, *inter alia*, for a judgment declaring that the plaintiff is entitled to recover under an insurance policy issued by the defendant third-party plaintiff Merchants & Business Men's Mutual Insurance Company, the defendant third-party plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Silverman, J.), entered September 22, 1995, which granted that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party complaint, and granted that branch of the plaintiff's cross motion which was for summary judgment against it, and (2), as limited by its brief, from so much of an order of the same court, entered February 26, 1996, as denied its motion for leave to renew.

Ordered that the order entered February 26, 1996, is reversed insofar as appealed from, the motion for leave to renew is granted, and on renewal, that branch of the plaintiff's cross motion which was for summary judgment on the issue of damages is denied, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of damages under CPLR 3212 (c); and it is further,

Ordered that the order entered September 22, 1995, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the plaintiff.

On May 15, 1993, a fire destroyed certain property located at 618 South Street, Peekskill, New York. At the time of the fire, the property was owned by the third-party defendant Suburban Ventures, Inc., whose sole shareholder is the third-party defendant Herman Poritzky (hereinafter collectively Suburban), and was insured by the defendant third-party plaintiff Merchants & Business Men's Mutual Insurance Company (hereinafter Merchants) for loss due to fire. Also named in the policy, as a "mortgage holder", was the plaintiff Steven C. Greene, who received a mortgage on the subject property upon loaning $150,000 to Suburban. Greene commenced the instant action when Merchants refused to pay under the policy. Merchants commenced the third-party action against Suburban seeking, *inter alia*, indemnification on the ground that the fire loss was the direct result of Suburban's actions.

The proponent of a summary judgment motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68

NY2d 320, 324). Once the movant has demonstrated a prima facie showing of entitlement to judgment, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvarez v Prospect Hosp., supra*).

We have reviewed the record and find that Suburban has demonstrated entitlement to judgment as a matter of law (*see,* CPLR 3212 [b]; *Zuckerman v City of New York, supra,* at 562). In response to Suburban's motion, Merchants failed to proffer any evidence to show the existence of triable issues of fact. Under these circumstances, the Supreme Court correctly dismissed the third-party complaint.

For the same reason, the Supreme Court also correctly determined that the plaintiff is entitled to recover under the insurance policy, which, pursuant to its terms, required Merchants to pay the actual value of the loss to the plaintiff if it did not exercise an option to pay the mortgage principal plus any accrued interest (*cf., Grady v Utica Mut. Ins. Co.,* 69 AD2d 668). There is, however, an issue of fact presented as to the extent of the loss.

The remaining contentions of the defendant third-party plaintiff are without merit. Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.