■ GMS CAPITAL CORPORATION et al., Respondents, v ELISABETH SHAFRAN, Appellant, et al., Defendants. [671 NYS2d 226] —Order, Supreme Court, New York County (David Saxe, J.), entered December 9, 1996, which, *inter alia*, granted plaintiffs' motion for summary judgment, unanimously affirmed, without costs.

Defendant's assertions that plaintiffs caused her default on the subject mortgage are unsubstantiated and, indeed, it would appear that defendant's default occurred long before plaintiffs and their agents became involved in the instant matter. Moreover, but for vague allegations, defendant has failed to demonstrate any relevant connection between plaintiffs and the lender that ultimately refused to finance defendant's purchase of the mortgage in default. Nor, under the circumstances at bar, is there any ground for a defense predicated upon promissory estoppel since there is no evidence of a promise by plaintiffs upon which defendant relied to her detriment (*Tri-Land Props. v 115 W. 28th St. Corp.*, 238 AD2d 206). Accordingly, as plaintiffs made out a prima facie entitlement to a judgment of foreclosure and defendant did not in response come forward with evidence demonstrating the existence of material issues of fact respecting her liability upon the subject mortgage, plaintiffs' motion for summary judgment was properly granted (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Concur—Ellerin, J. P., Wallach, Williams, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS SMITH, Appellant. [671 NYS2d 225] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered October 12, 1994, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Defendant's conviction was supported by legally sufficient evidence and was not against the weight of the evidence. We see no basis for disturbing the determinations of the jury concerning credibility and reliability of identification testimony.

We perceive no abuse of sentencing discretion. Concur—Ellerin, J. P., Wallach, Williams, Mazzarelli and Andrias, JJ.