■ ALAN HEY, Respondent, v TOWN OF NAPOLI, Appellant. [695 NYS2d 643] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: In September 1996 plaintiff moved for leave to serve a late notice of claim based on alleged damage to his property caused by defendant in October 1994. Supreme Court granted the motion upon defendant's default. Plaintiff thereafter served

a summons and complaint upon defendant in May 1997. Defendant moved to dismiss the complaint on the ground that the court lacked "subject matter jurisdiction" to grant plaintiff's motion for leave to serve a late notice of claim.

The court erred in denying defendant's motion. The court could not extend the 90-day period for serving a notice of claim beyond the time limited for the commencement of an action by plaintiff against defendant, a public corporation, which in this case was one year and 90 days (see, General Municipal Law § 50-e [5]; § 50-i; *Pierson v City of New York,* 56 NY2d 950, 954; *Fraccola v City of Utica,* 77 AD2d 161, 164-165). The notice of claim requirement is a condition precedent to the commencement of a tort action against defendant and not a Statute of Limitations that must be pleaded as an affirmative defense (see, *Perry v City of New York,* 238 AD2d 326, 327; *Rodriguez v City of New York,* 169 AD2d 532, 533). Compliance with the notice of claim requirement "falls within the threshold jurisdiction of the court" (*Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 363; see, *Brown v Metropolitan Transp. Auth.,* 169 AD2d 570, 571; *Taverna v City of New York,* 166 AD2d 314).

The court erred in determining that defendant was equitably estopped from raising the timeliness of plaintiff's motion. Jurisdiction may not be created by estoppel (see, *Matter of Jarrett,* 230 AD2d 513, 516, *appeal dismissed* 90 NY2d 935, *lv denied* 91 NY2d 804, *cert denied sub nom. Johnson v Doe,* 524 US 918; *Morrison v Budget Rent A Car Sys.,* 230 AD2d 253, 260; *Matter of Anthony J.,* 143 AD2d 668, 668-669).

Finally, we reject the contention of plaintiff that the order granting his motion for leave to file a late notice of claim constitutes the law of the case. The law of the case doctrine does not apply to appellate review of a subordinate court's order (see, *Martin v City of Cohoes,* 37 NY2d 162, 165, *rearg denied* 37 NY2d 817; *Norton Co. v C-TC 9th Ave. Partnership,* 198 AD2d 696, 698; *Post v Post,* 141 AD2d 518, 519). We therefore reverse the order, grant defendant's motion and dismiss the complaint. (Appeal from Order of Supreme Court, Cattaraugus County, Feeman, Jr., J.—Dismiss Pleading.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.