■ FIRST UNION MORTGAGE CORP., Respondent, v ROBERT E. FERN et al., Appellants, et al., Defendants. [749 NYS2d 42] —In an action to foreclose a mortgage, the defendants Robert E. Fern and Ann B. Fern appeal from an order of the Supreme Court, Westchester County (Zambelli, J.), entered May 8, 2001, which, inter alia, granted that branch of the plaintiff's motion which was for summary judgment, and, sua sponte, converted that branch of the motion which was to strike their answer to one for summary judgment dismissing the counterclaim, and dismissed the counterclaim.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, converted that branch of the plaintiff's motion which was to strike the defendants' answer to one for summary judgment dismissing the counterclaim and dismissed the counterclaim is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by deleting the provision thereof which dismissed the appellants' counterclaim and adding thereto a provision severing that counterclaim; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the appellants' contention, the plaintiff established the existence of the mortgage, its ownership of that mortgage, and their default (see *Miller Planning Corp. v Wells,* 253 AD2d 859; *Votta v Votta Enters.,* 249 AD2d 536; *Mahopac Natl. Bank v Baisley,* 244 AD2d 466). Additionally, the plaintiff did not waive its right to foreclose on the property by paying the delinquent taxes on behalf of the appellants, as it was entitled to do so pursuant to the clear language of the mortgage contract (see *Brayton v Pappas,* 52 AD2d 187). In any event, the record established that the appellants defaulted in the payment of the principal, as it was re-computed to account for the money expended on their behalf to pay their delinquent real property taxes.

Furthermore, the evidence submitted by the appellants does not establish that the plaintiff engaged in any unconscionable course of conduct (see *CFSC Capital Corp. XXVII v Bachman Mech. Sheet Metal Co.,* 247 AD2d 502; *Mahopac Natl. Bank v Baisley, supra; Connecticut Natl. Bank v Peach Lake Plaza,* 204 AD2d 909). Rather, it is clear from the correspondence in the record that the plaintiff was seeking repayment of the money it had expended on behalf of the appellants while, without justification, they continued to deny the existence of any default, and actually contended that any expenditure by the plaintiff was gratuitous.

Nevertheless, the Supreme Court erred in, sua sponte, treating that branch of the plaintiff's motion which was to strike the appellants' counterclaim as one for summary judgment dismissing the counterclaim (see *City Wide Payroll Serv. v Israel Discount Bank of N.Y.,* 239 AD2d 537; *Andriano v Caronia,* 117 AD2d 640; *Ressis v Mactye,* 98 AD2d 836). However, since that counterclaim seeks damages and does not affect the validity of the mortgage, the appropriate remedy is to sever it from the foreclosure action (see *Tri-Land Props. v 115 W. 28th St. Corp.,* 238 AD2d 206; *Norton Co. v C-TC 9th Ave. Partnership,* 198 AD2d 696; *Marine Midland Bank v Cafferty,* 174 AD2d 932; *Andriano v Caronia, supra*). Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur.