■ TOWN OF HEMPSTEAD et al., Respondents, v INCORPORATED VILLAGE OF FREEPORT, Appellant, et al., Defendant. [790 NYS2d 518]—

In an action, inter alia, to recover damages for breach of contract, the defendant Incorporated Village of Freeport appeals from so much of (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), entered September 24, 2003, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiffs' cross motion for summary judgment on the issue of liability insofar as asserted against it, and (2) a judgment of the same court dated March 2, 2004, as, upon the order, is in favor of the plaintiffs and against it in the principal sum of $1,580,497.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In 1986 the defendant Incorporated Village of Freeport (hereinafter Freeport) was one of a number of villages to enter into an "Inter-Municipal Agreement Re: Solid Waste" disposal (hereinafter the IMA) with the plaintiffs. The IMA provided, inter alia, that Freeport would deliver "Acceptable Waste" to the plaintiffs for disposal for a period of 25 years. Freeport was to pay the plaintiffs a "Minimum Annual Fee" based on a "Minimum Commitment" of annual tonnage of acceptable waste delivered on a monthly basis (hereinafter the Minimum Commitment provisions) (IMA, art III, §§ 301, 303). Freeport was required to pay the Minimum Annual Fee regardless of whether it delivered its Minimum Commitment of acceptable waste (*see* IMA, art III, § 303). The IMA permitted the plaintiffs, in their sole discretion, to reduce the Minimum Commitment once a year and to thereafter increase it up to the amount specified in the IMA (IMA, art III, § 310). Further, the IMA contained a general non-waiver clause (IMA, art VI, § 603).

For the first 10 years of the IMA, the plaintiffs did not enforce

the Minimum Commitment provisions. Instead, with the exception of one year, the plaintiffs charged Freeport a "blanket per ton disposal fee" based on actual waste delivered. On November 17, 1995, the plaintiffs informed Freeport in writing of their intention to enforce the Minimum Commitment provisions starting on January 1, 1996. Freeport refused to pay the Minimum Annual Fee beginning in 1996.

The plaintiffs commenced this action to recover, inter alia, the annual fees past due under the Minimum Commitment provisions since 1996. Freeport moved for summary judgment dismissing the complaint insofar as asserted against it based upon, inter alia, the defenses of waiver and estoppel. The plaintiffs cross-moved for summary judgment against Freeport on the issue of liability. The Supreme Court, in effect, upon the concession of the plaintiffs, granted that branch of Freeport's motion which was for summary judgment dismissing the plaintiffs' claims for fees prior to February 3, 1997. The Supreme Court also denied those branches of the motion asserting the defenses of waiver and estoppel, granted the cross motion, and, the parties having agreed to the amount of damages, entered judgment in favor of the plaintiffs. Freeport appealed therefrom and we affirm insofar as appealed from.

Freeport failed to sustain its burden in the first instance of establishing that the plaintiffs waived their right prospectively to enforce the Minimum Commitment provisions of the IMA. A waiver is the voluntary and intentional abandonment of a known right (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]). A waiver can, to the extent that it is executory, be withdrawn, provided the party whose performance has been waived is given notice of the withdrawal and a reasonable time after notice within which to perform (id.). The plaintiffs' lack of enforcement of the Minimum Commitment provisions of the IMA before 1996 did not effect a waiver of those provisions for the entire term of the IMA. First, section 310 of the IMA expressly authorized the plaintiffs, in their sole discretion, to reduce Freeport's Minimum Commitment tonnage without forfeiting its right to later increase the Minimum Commitment tonnage to what was originally contemplated by the IMA. Second, the IMA contained a "no waiver" clause which specifically provided that the failure of any party to insist upon strict performance of any of the terms of the agreement "shall not be considered to be a waiver" of such terms (IMA, art VI, § 603). Finally, the plaintiffs' letter of November 17, 1995, provided Freeport with notice of their withdrawal of forbearance from enforcing the Minimum Commitment provisions commencing in 1996.

Freeport also did not sustain its burden in the first instance of establishing that the plaintiffs should be estopped from enforcing the Minimum Commitment provisions of the IMA. To establish an estoppel, a party must prove that it relied upon another's actions, its reliance was justifiable, and that, in consequence of such reliance, it prejudicially changed its position (*see Nassau Trust Co. v Montrose Concrete Prods. Corp., supra; Chadirjian v Kanian,* 123 AD2d 596, 597 [1986]; *cf. First Union Natl. Bank v Tecklenburg,* 2 AD3d 575, 577 [2003]). Freeport cannot establish that it justifiably relied upon the plaintiffs' forbearance in enforcing the Minimum Commitment provisions for a period of the contract since the IMA expressly authorized the plaintiffs' actions. Nothing that the plaintiffs did was inconsistent with the IMA.

Accordingly, the Supreme Court correctly denied those branches of Freeport's motion which were for summary judgment dismissing the complaint insofar as asserted against it on the grounds of waiver and estoppel, and properly granted the plaintiffs' cross motion for summary judgment on the issue of liability against Freeport. S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.