■ JOHN PURCELL et al., Appellants-Respondents, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Respondent-Appellant. [799 NYS2d 218]—

In an action to recover damages for breach of contract pursuant to a policy of title insurance, the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated October 7, 2003, as denied their motion for summary judgment, and the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Rockland County, to determine the amount due to the plaintiffs under the title insurance policy and for the entry of a judgment in favor of the plaintiffs and against the defendant thereafter.

The plaintiffs demonstrated their prima facie entitlement to summary judgment on the issue of liability by establishing that they had a valid title insurance policy and suffered a loss of the market value of the premises within the meaning of the policy and the "market value policy rider" (*see Renaissance 21 v New York Prop. Ins. Underwriting Assn.*, 257 AD2d 614 [1999]). In opposition, the defendant failed to raise an issue of fact as to

whether any policy exclusions or exceptions applied in this particular case (*see Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304 [1984]; *Throgs Neck Bagels v GA Ins. Co. of N.Y.*, 241 AD2d 66 [1998]). In addition, the defendant failed to establish that the plaintiffs waived their rights under the market value policy rider, or, in the alternative, should be estopped from asserting such rights (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175 [1982]; *Town of Hempstead v Incorporated Vil. of Freeport*, 15 AD3d 567 [2005]; *Herbil Holding Co. v Commonwealth Land Tit. Ins. Co.*, 183 AD2d 219 [1992]). We agree with the plaintiffs' contention that the actions they took to secure the return of the funds they advanced for the property constituted an effort to mitigate damages, not a release, of the defendant's obligations. Accordingly, the Supreme Court erred in denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.

However, summary judgment on the issue of damages was properly denied as the plaintiffs failed to establish their damages under the terms of the market value policy rider (*see Greene v Merchants & Bus. Men's Mut. Ins. Co.*, 242 AD2d 669 [1997]). Pursuant to the terms of the market value policy rider, the plaintiffs were insured "against loss or damage not exceeding the market value of the premises at the time of loss," which was defined as "such date as the homeowner shall have actual knowledge of facts giving rise to a claim under the Policy." The plaintiffs received actual knowledge of facts giving rise to a claim under the policy on October 16, 2001, when the plaintiff John Purcell was notified that there was a problem with the purchase of the property arising from the former owner's filing of a bankruptcy petition immediately before the foreclosure sale.

On the question of damages, we note that $5,447.84 in school taxes due before the closing, which the plaintiffs paid in anticipation of the closing, constituted part of the purchase price. That amount and the amounts paid by the plaintiffs for the property which were returned to them should be deducted from the amount due pursuant to the market value policy rider.

The defendant's remaining contentions are without merit. H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.