In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 3, 2010, as granted that branch of the motion of the defendant Brooklyn Federal Savings Bank which was for summary judgment dismissing the complaint insofar as asserted against that defendant, and denied that branch of its cross motion which was for summary judgment on the issue of liability against the defendant Brooklyn Federal Savings Bank.
Ordered that the order is affirmed insofar as appealed from, with costs.
*957 On July 28, 2004, the plaintiff obtained a building loan from the defendant Brooklyn Federal Savings Bank (hereinafter the Bank), with a maturity date of February 1, 2006. The building loan note (hereinafter the note) gave the plaintiff the option to extend the term of the loan for six months, provided that the plaintiff was not in default under the terms of the note or other loan documents, and that certain other conditions were met.
In November 2005, the plaintiff purported to exercise the option to extend the term of the loan for six months. The plaintiffs February 2006 monthly payment was accepted by the Bank. Loan statements from the Bank for February and March 2006 did not request payment of the outstanding balance, and they indicated that the maturity date of the loan was August 1, 2006.
In April 2006, the plaintiffs March 2006 payment check was returned by the Bank, which informed the plaintiff that the loan had been assigned to the defendant Madison 118, LLC (hereinafter Madison), in March 2006. Madison then informed the plaintiff that it was exercising its right to prohibit any further extension of the loan maturity date and that it was requiring immediate payment of the outstanding balance of the loan. The plaintiff thereafter obtained refinancing to pay off the outstanding balance of the loan.
The plaintiff commenced this action against the Bank and Madison to recover damages for breach of contract, alleging, inter alia, that the loan was wrongfully accelerated since the plaintiff had validly exercised its option to extend the term of the loan. The Bank moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability against the Bank. The Supreme Court, among other things, granted that branch of the Bank’s motion which was for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability against the Bank.
The Bank established its entitlement to judgment as a matter of law by demonstrating, prima facie, that the maturity date of the loan was not extended because the plaintiff failed to comply with the conditions contained in the note when it purported to exercise its option to extend the term of the loan (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 112 [1984]). Contrary to the plaintiffs contention, its submissions in response to the Bank’s prima facie showing were insufficient to raise a triable issue of fact as to whether the plaintiff validly exercised its option to extend the term of the loan by complying *958 with the conditions contained in the note (see Miranda v Jay Constr. Corp., 2 AD3d 420, 420 [2003]).
Furthermore, the note contained a “no waiver” clause which provided that “[n] either the exercise of any provision hereof nor the delay in asserting any right granted to [the Bank] . . . shall be construed as a waiver by [the Bank] of the right to accelerate the indebtedness ... or to pursue any other remedies available under this Note,” and that “[a]ny waiver hereunder shall be valid and enforceable only if in writing and signed by the party against whom enforcement is sought.” Under the circumstances of this case, the plaintiff failed to raise a triable issue of fact as to whether the Bank’s delay in enforcing the terms of the note, or its issuance of the consequent monthly statements after the maturity date, constituted a waiver of the Bank’s right to require payment of the outstanding balance (see IG Second Generation Partners, LP v Kaygreen Realty Co., 22 AD3d 463, 465 [2005]; Town of Hempstead v Incorporated Vil. of Freeport, 15 AD3d 567, 569 [2005]; First Union Mtge. Corp. v Fern, 298 AD2d 490, 491 [2002]; see also Griswold Special Care of N.Y., Inc. v Executive Nurses Home Care, Inc., 66 AD3d 962, 963 [2009]; BDG Oceanside, LLC v RAD Term. Corp., 14 AD3d 472, 473-474 [2005]).
The plaintiff also failed to raise a triable issue of fact as to whether the Bank should be estopped from enforcing the terms of the note. “To establish an estoppel, a party must prove that it relied upon another’s actions, its reliance was justifiable, and that, in consequence of such reliance, it prejudicially changed its position” (Town of Hempstead v Incorporated Vil. of Freeport, 15 AD3d at 570; see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175 [1982]). However, the “conduct relied upon to establish estoppel must not otherwise be compatible with the agreement as written” (Rose v Spa Realty Assoc., 42 NY2d 338, 344 [1977]). Since the Bank’s delay in enforcing the terms of the note and its issuance of the consequent monthly statements after the maturity date were compatible with the terms of the note, the plaintiff failed to raise a triable issue of fact as to whether it justifiably relied upon such conduct to its detriment (see Town of Hempstead v Incorporated Vil. of Freeport, 15 AD3d at 569; see also Purcell v Commonwealth Land Tit. Ins. Co., 19 AD3d 469, 470 [2005]).
For the same reasons, that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability against the Bank was properly denied.
In light of the foregoing, the parties’ remaining contentions need not be addressed. Skelos, J.E, Leventhal, Lott and Miller, JJ., concur.